# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH DAKOTA

### WESTERN DIVISION

| | |
|---|---|
| LEO VILLARREAL,<br><br>                    Petitioner,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CIV. 14-5008-JLV<br><br><br>ORDER |

On February 18, 2014, petitioner Leo Villarreal, appearing *pro se*, filed a motion (Docket 1) pursuant to 28 U.S.C. § 2255 ("2255 Motion") to vacate or set aside his criminal conviction in United States v. Leo Villarreal, CR-10-50082-JLV (D.S.D. 2012).   On June 6, 2014, the government filed a response seeking dismissal of Mr. Villarreal's 2255 Motion.   (Docket 11).

Pursuant to a standing order of October 16, 2014, the matter was referred to United States Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B).   On August 21, 2015, Judge Duffy issued a report recommending the court grant Mr. Villarreal an evidentiary hearing on his claim of ineffective assistance of counsel and deny his claim of actual innocence.   (Docket 15 at p. 19).   Mr. Villarreal filed no objections to the report and recommendation.   The government timely filed its objections.   (Docket 22).   For the reasons stated below, Mr. Villarreal's 2255 motion is granted in part and denied in part.

## ANALYSIS

The government's objections center around the recommendation that Mr. Villarreal is entitled to an evidentiary hearing on the issue of whether his counsel was ineffective on the basis of <u>United States v. Rouillard</u>, 701 F.3d 861 (8th Cir. 2012) ("<u>Rouillard I</u>") and <u>United States v. Bruguier</u>, 735 F.3d 754 (8th Cir. 2013) (*en banc*) ("<u>Bruguier II</u>").   In order to put the report and recommendation in context and provide a foundation against which to evaluate the government's objections, the court must summarize the procedural posture of this case.

On August 17, 2010, Mr. Villarreal was charged by a three-count indictment.   (Docket 15 at p. 1; <u>see</u> <u>also</u> CR-10-50082, Docket 1).   Count III, the count material to this analysis, charged Mr. Villarreal as follows:

> On or about March, 10, 2010, at Manderson, in Indian country, in the District of South Dakota, the defendant, Leo Villarreal,[1] an Indian, did knowingly engage and attempt to engage in a sexual act with [M.T.L.],[2] to-wit, penetration, however slight, of the genital opening by the finger, with the intent to abuse, humiliate, harass, degrade, arouse and gratify the sexual desire of Leo Villarreal, at a time when [M.T.L.], was incapable of appraising the nature of the conduct and physically incapable of declining participation in, and communicating an unwillingness to engage in the sexual act, all in violation of 18 U.S.C. §§ 2242(2), 2246(2)(C) and 1153.

---

[1]The indictment was amended to reflect the correct spelling of Mr. Villarreal's name.   (CR-10-50082, Docket 12).

[2]The indictment was amended to reflect the correct name of the alleged victim.   (CR-10-50082, Docket 66).   The court uses the alleged victim's initials to respect her privacy.

(CR-10-50082, Docket 1 at p. 2).   Mr. Villarreal was represented by the same
Assistant Federal Public Defender from the beginning of the case through the
conclusion of the direct appeal.   (Docket 15 at p. 2).

During the settlement of jury instructions, the court proposed an
instruction relating to count III and relevant to the analysis in this 2255 Motion.
That instruction stated:

> For you to find the defendant guilty of the offense of sexual
> abuse as charged in Count III of the indictment, the government
> must prove the following four essential elements beyond a
> reasonable doubt:
>
> One, that on or about March 10, 2010, Leo Villarreal
> knowingly engaged in or attempted to engage in a sexual act with
> [M.T.L.];
>
> > An act is done "knowingly" if the defendant realized
> > what he was doing and did not act through ignorance,
> > mistake, or accident.  You may consider the evidence
> > of defendant's acts and words, along with all the
> > evidence, in deciding whether defendant acted
> > knowingly.
> > . . . .
>
> Two, that at the time of the offense, [M.T.L.] was incapable of
> appraising the nature of the conduct or was physically incapable of
> declining participation in or communicating unwillingness to engage
> in the sexual act;
>
> Three, that Leo Villarreal is an Indian person as defined in
> Final Instruction No. 7; and
>
> Four, that the offense took place at or near Manderson, South
> Dakota, in Indian country as defined in Final Instruction No. 8.

See CR-10-50082, Docket 94 at pp. 10-11 (bold omitted).   Defense counsel
proposed no alternative jury instruction and lodged no objection to the court's

3

instruction which is pertinent to the analysis of the 2255 Motion.[3]   See id.,
Docket 113 at pp. 106:11-111:4.   A unanimous jury found Mr. Villarreal guilty
of counts II and III of the indictment.   Id., Docket 92.   Mr. Villarreal was
sentenced to a term of imprisonment on count II of 120 months and 96 months
on count III, with the sentences to run concurrently.   Id., Docket 129 at p. 2.

Mr. Villarreal timely appealed his conviction to the United States Court of
Appeals for the Eighth Circuit.[4]   Id., Docket 132.   After the completion of
briefing, oral argument was held on October 18, 2012, before a panel of the
Eighth Circuit.   (Docket 15 at p. 4).   While Mr. Villarreal's case was pending, on
December 13, 2012, two diametrically opposite opinions were issued by separate
panels of the Eighth Circuit.   Those decisions were Rouillard I, 701 F.3d 861,
and United States v. Bruguier, 703 F.3d 393 (8th Cir. 2012) ("Bruguier I).[5]

---

[3]The court's jury instruction number 3 which was read at the beginning of
the jury trial used the same four elements for count III as discussed at the
pretrial conference.   See CR-10-50082, Docket 86 at pp. 8-9.   Defense counsel
did not object to this instruction during the pretrial conference.   Id., Docket 137
at p. 127:10-12.   The court cites to the CM/ECF Docket entry and page as
opposed to the transcript page number.

[4]The issues raised in the direct appeal are not pertinent to the 2255
Motion.

[5]The magistrate judge's report mistakenly stated that Bruguier I was
decided on December 21, 2012, and that Rouillard I was issued on March 4,
2013.   (Docket 15 at pp. 4-5).   Bruguier I was originally issued on December
13, 2012, and then reissued with a dissenting opinion on December 21, 2012,
and Rouillard I was decided on December 13, 2012.   The report and
recommendation is amended to reflect this correction.

4

In <u>Bruguier I</u>, as in Mr. Villarreal's case, the district court instructed the jury that the word "knowingly" modified only the phrase "engages in a sexual act" when stating the elements of an offense under § 2242(2).   <u>Compare</u> CR-10-50082, Docket 94 at pp. 10-11 and <u>Bruguier I</u>, 703 F.3d at 399.   In <u>Bruguier I</u>, the Eighth Circuit rejected the defendant's argument that the instruction should have included a requirement he knew the alleged victim was incapable of declining or communicating her unwillingness to participate in the sexual act. <u>Bruguier I</u>, 703 F.3d at 399.

In <u>Rouillard I</u>, the district court refused the defendant's proposed instruction which would have required the government to prove the defendant knew he was engaging in a sexual act and he knew his alleged victim was incapacitated.   <u>Rouillard I</u>, 701 F.3d at 863.   The Eighth Circuit concluded "the word 'knowingly' extends to the element in section 2242(2) that the victim be 'incapable of appraising the nature of the conduct . . . or physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act.' "   <u>Id.</u> at 865 (citing 18 U.S.C. § 2242(2)(A) & (B)).   Based on that ruling, the court "conclude[d] that the district court's failure to give Rouillard's instruction deprived Rouillard of his defense that he did not know that [the alleged victim] was incapacitated or otherwise unable to deny consent."   <u>Id.</u>

While Mr. Villarreal's appeal was pending in the Eighth Circuit, counsel did not raise the issue as to whether in light of <u>Rouillard I</u> the district court had improperly instructed the jury as to the elements of count III.   (Docket 15 at

5

pp. 4-5).   Mr. Villarreal's appeal was decided on February 22, 2013.   United
States v. Villarreal, 707 F.3d 942 (8th Cir. 2013).   Mr. Villarreal's counsel
received an extension until March 22, 2013, to file a request seeking rehearing,
either by the panel which decided the case or by the Eighth Circuit *en banc*.
(Docket 15 at p. 6).   On March 4, 2013, Rouillard I and Bruguier I were both
vacated and rehearings *en banc* were granted.   Rouillard I, 701 F.3d at 861;
Bruguier I, 703 F.3d at 393.

On March 22, 2013, Mr. Villarreal's counsel decided not to seek rehearing,
declared there were no nonfrivolous issues which could be raised and withdrew
from the case.   Id.   Mr. Villarreal did not personally seek rehearing and did not
file a petition for a writ of certiorari before the United States Supreme Court.   Id.

On November 5, 2013, the Eighth Circuit sitting *en banc* issued the
decision in United States v. Bruguier, 735 F.3d 754 (8th Cir. 2013) (*en banc*)
("Bruguier II").   In Bruguier II, the court concluded "section 2242(2) requires the
government to prove that a defendant not only knew he . . . was 'engag[ing] in a
sexual act with another person,' but also that the defendant knew the other
person was 'incapable of appraising the nature of the conduct' or 'physically
incapable of declining participation in, or communicating unwillingness to
engage in, that sexual act.' "   Id. at 763 (citing 18 U.S.C. § 2242(2)).   The court
held "[e]ven if we harbored doubt about this construction due to the egregious
nature of sexual abuse crimes, which we do not, the rule of lenity, the harsh
penalties associated with the offense, and the legislative history would all tip the

balance in favor of this construction." Id.   Following its *de novo* review, the *en banc* court concluded that the failure to give Mr. Bruguier's proposed "instruction deprived him of his defense that he did not know [the alleged victim] was incapacitated or otherwise unable to deny consent." Id.   The Bruguier II court reversed the § 2242(2) conviction and "remand[ed] for a new trial on this count." Id.

Mr. Villarreal's case was not "final" at the time Rouillard I was announced. (Docket 15 at p. 13) (referencing Teague v. Lane, 489 U.S. 288, 295 (1989)). Based on the status of the record, the magistrate judge could not "conclude as a matter of law that counsel's conduct . . . was not below the standard of care given the very specific and unique facts of this case." Id. at pp. 13-14.   The magistrate judge recommended denial of the government's motion to dismiss because "there are factual issues as to both the performance and prejudice prongs of the Strickland[6] test that should be subject to an evidentiary hearing." Id. at p. 16.

The government's objections to the report and recommendation are summarized as follows:

      1.    The magistrate judge erred by concluding "contrary evidence . . . may suggest the application of something other than the general rule."   (Docket 22 ¶ 1) (referencing Docket 15 at p. 11);

---

[6]Strickland v. Washington, 466 U.S. 668 (1984).

7

2.    The magistrate judge erred by concluding "counsel could have sought rehearing at the Eighth Circuit Court of Appeals or petitioned the United States Supreme Court for a writ of certiorari." <u>Id.</u> ¶ 2 (referencing Docket 15 at pp. 12-13);

3.    The magistrate judge erred by concluding "[i]t would not have required . . . counsel to venture into a novel area of law never before decided in order to raise the issue that was raised in <u>Bruguier</u>"[7] and that the magistrate judge could not "conclude as a matter of law that counsel's conduct . . . [was] below the standard of care given the very specific and unique facts of this case." <u>Id.</u> ¶ 3 (referencing Docket 15 at pp. 13-14); and

4.    The magistrate judge's ultimate conclusion that an evidentiary hearing should be held on the ineffective assistance of counsel claim was in error.  <u>Id.</u> ¶ 4 (referencing Docket 15 at p. 19).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections.  <u>Thompson v. Nix</u>, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(l).  The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Each of the government's objections will be separately addressed.

1.    THE GENERAL RULE

The magistrate judge examined Mr. Villarreal's counsel's performance under the proper legal framework of <u>Strickland</u>, 466 U.S. 668; <u>Bobby v. Van Hook</u>, 558 U.S. 4 (2009); and <u>New v. United States</u>, 652 F.3d 949 (8th Cir. 2011). (Docket 15 at pp. 9-10).   "That standard is necessarily a general one.   'No

---

[7]The government's objection refers to <u>Bruguier I</u>, 703 F.3d 393.  <u>See</u> Docket 23 at p. 4.

particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant.' " Bobby, 558 U.S. at 7 (citing Strickland, 466 U.S. at 688-89).   Thus, the New court found that "[a]bsent contrary evidence, we assume that . . . counsel's failure to raise a claim was an exercise of sound appellate strategy."   New, 652 F.3d at 953 (citing United States v. Brown, 528 F.3d 1030, 1033 (8th Cir. 2008) (internal quotation omitted)).

The government claims Mr. Villarreal's case is just a typical § 2242(2) case and does not present any "evidence that would take this case outside application of the general rule . . . ."  (Docket 23 at p. 4).   The procedural posture of Mr. Villarreal's case is certainly out of the ordinary and unique.   It was evident the status of the law on the mens rea elements of § 2242(2) was in flux during the time period of Mr. Villarreal's appeal.   The court adopts the magistrate judge's conclusion that "there is . . . evidence which may suggest the application of something other than the general rule."   (Docket 15 at p. 11).

The government's first objection to the report and recommendation is overruled.

  2.   REHEARING OR PETITION FOR A WRIT OF CERTIORARI

At the time Rouillard I and Bruguier I were decided, vacated and set for rehearings *en banc*, Mr. Villarreal still had 18 days remaining to file a petition for rehearing with the Eighth Circuit or to petition for a writ of certiorari with the

Supreme Court.   (Docket 15 at pp. 12-13).   The government acknowledges Mr. Villarreal's counsel was an experienced Assistant Federal Public Defender who presumably knows the rules for seeking panel rehearing, rehearing *en banc* and for petitioning the Supreme Court for a writ of certiorari.   (Docket 23 at p. 5). But the government claims any failure by counsel to activate these options was harmless because doing so would not have affected the outcome in Mr. Villarreal's appeal.   Id. at pp. 5-6.

The government argues because "[t]he scienter requirement of § 2242(2) was not an issue raised in Villarreal's direct appeal . . . counsel could not have used [Fed. R. App. P.] 28(j)" to provide an avenue of relief for Mr. Villarreal.[8]   Id. at p. 6.   The government further argues counsel could not have sought panel rehearing or rehearing *en banc* under Rule 35 because the Eighth Circuit's decision on Mr. Villarreal's petition for rehearing would require a finding "either (1) that the panel decision conflicts with a Supreme Court decision or a decision of the court to which the petition is addressed, or (2) the proceeding involves a question of exceptional importance, if the panel decision conflicts with the authoritative decisions of the Supreme Court or other circuit courts of appeals that have addressed the issue."   Id. (referencing Fed. R. App. P. 35(b)(1)).

_____

[8]Rule 28(j) provides: "If pertinent and significant authorities come to a party's attention after the party's brief has been filed—or after oral argument but before decision—a party may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations.   The letter must state the reasons for the supplemental citations, referring either to the page of the brief or to a point argued orally."   Fed. R. App. P. 28(j).

The government fails to articulate the full authority of a Rule 35(b)(1)(A) review.   That section provides:

> A party may petition for a hearing or rehearing en banc. . . . The petition must begin with a statement that . . . :
>
> > the panel decision conflicts with a decision of the United States Supreme Court or of the court to which the petition is addressed (with citation to the conflicting case or cases) <u>and consideration by the full court is therefore necessary to secure and maintain uniformity of the court's decisions</u> . . . .

Fed. R. App. P. 35(b)(1)(A) (emphasis added).

The government's brief also fails to acknowledge three decisions of the Eighth Circuit directly on point.   In 2014, the Eighth Circuit held that a defendant who failed to explicitly object to a § 2242(2) jury instruction which did not contain the <u>Bruguier II</u> mens rea elements did not forfeit his right to have the appellate court review the issue under the "plain error" rule.   <u>United States v. Fast Horse</u>, 747 F.3d 1040, 1041-42 (8th Cir. 2014).   "Citing <u>Bruguier [II]</u>, Fast Horse maintains that we should review this instruction de novo because the final jury instructions' omission of an element of the offense—namely, his knowledge of [the alleged victim's] incapacity—denied him the defense that he lacked such awareness."   <u>Id.</u>   The Eighth Circuit "assume[d], without deciding, that Fast Horse's objection to the relevant instruction was insufficiently specific, and . . . appl[ied] plain error review."   <u>Id.</u> at 1042.   The court determined that "[a]lthough our en banc decision in <u>Bruguier [II]</u> post-dates Fast Horse's trial, for these purposes 'it is enough that an error be "plain" at the time of appellate

consideration.' " Id. (citing Henderson v. United States, ___ U.S. ___, 133 S. Ct. 1121, 1130-31 (2013); United States v. Webster, 84 F.3d 1056, 1067 (8th Cir. 1996) ("the proper focus is the law applicable on appeal rather than at trial")). "A jury instruction is plainly erroneous if it misstates the law." Id. (referencing United States v. Wisecarver, 598 F.3d 982, 989 (8th Cir. 2010)).

Applying the four-factor test for reviewing a claim of plain error announced in United States v. Olano, 507 U.S. 725, 735-36 (1993), the Fast Horse court concluded "[g]iven the current state of the law and the omission of a clear, accurate mens rea jury instruction, . . . we have the discretion to reverse Fast Horse's conviction on plain error review. . . . Given our obligation to ensure both that Fast Horse's constitutional rights are protected and that justice is administered consistently, we reverse Fast Horse's conviction . . . . and remand for a new trial." Id. at 1044. Similar results were reached by the Eighth Circuit in two other cases on the basis of the decision in Bruguier II. See United States v. Chasing Hawk, 546 Fed. Appx. 604 (8th Cir. 2013) and United States v. Rouillard, 740 F.3d 1170 (8th Cir. 2014) ("Rouillard II"). Given the status of the law during the time Mr. Villarreal's case was on appeal, the court does not share the government's confidence that a petition for rehearing or supplemental authority letter would not have changed the outcome in his appeal.

The government's second objection to the report and recommendation is overruled.

3.      COUNSEL'S CONDUCT

After analyzing the conflicting state of the law during the period of time Mr. Villarreal's case was still pending, the magistrate judge concluded "[i]t would not have required Mr. Villarreal's counsel to venture into a novel area of law never before decided in order to raise the issue that was raised in <u>Bruguier [I]</u> on Mr. Villarreal's behalf.   He could have done so at a time when there was significant evidence before him that the Eighth Circuit might look favorably on such an argument."   (Docket 15 at p. 13).

In support of its objection, the government argues "[t]he panel decision in Villarreal's case, to the extent it generally addressed the scienter requirement of § 2242(2), did not conflict with any authoritative decision of even the Eighth Circuit Court of Appeals, because on the same date an Eighth Circuit panel issued <u>Rouillard [I]</u>, another panel issued the contrary opinion in <u>Bruguier [I]</u> regarding the term "knowingly," using the same scienter requirement that had been applied in the Eighth Circuit on numerous prior occasions."   (Docket 23 at p. 7).

To ignore diametrically opposed opinions from separate panels of the Eighth Circuit on the elements of § 2242(2), knowing that once the court considered the conflict *en banc* one of the decisions would ultimately be wrong, demonstrates that defense counsel had an on-going and extended duty to his client.   Seeking to include Mr. Villarreal in the mix of the conflict while his case

13

was still pending is not a novel concept.   The magistrate judge's opinion is an accurate assessment of the issues pending during Mr. Villarreal's appeal.

The government's third objection to the report and recommendation is overruled.

4.    THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

The magistrate judge's conclusion was that "there are factual issues as to both the performance and prejudice prongs of the <u>Strickland</u> test that should be subject to an evidentiary hearing."   (Docket 15 at p. 16).   The government's summary objection is that no "hearing is required because the record 'affirmatively refutes the factual assertions upon which [the claim] is based.'" (Docket 23 at p. 12) (citing <u>Watson v. United States</u>, 493 F.3d 960, 964 (8th Cir. 2007) (citation omitted)).

What the government fails to acknowledge is that the testimony of Mr. Villarreal's counsel is not before the court.   The absence of counsel's testimony is the government's fault.   "[T]he normal procedure in this district when a federal prisoner raises an ineffective assistance of counsel claim in a § 2255 motion is for the government to seek an affidavit of the prisoner's former counsel to address the claims of ineffectiveness."   (Docket 15 at p. 11) (reference to several § 2255 proceedings in which the "normal procedure" employed is omitted).   Without the testimony of counsel it is impossible for the court to determine whether counsel's decisions were proper strategies or the result of ineffective assistance.   <u>Strickland</u>, 466 U.S. 669; <u>Hall</u>, 296 F.3d at 692.

14

The government's fourth objection to the report and recommendation is overruled.

<u>OTHER CONSIDERATIONS</u>

Rather than adopting the magistrate judge's recommendation to hold an evidentiary hearing on Mr. Villarreal's ineffective assistance of counsel claim, the court finds an alternate approach is more appropriate.

At the time of Mr. Villarreal's trial the law was that in a § 2242(2) case scienter or mens rea only related to "engaged in a sexual act" with the alleged victim element.   See <u>Bruguier II</u>, 735 F.3d at 782 ("Reading a knowledge requirement into § 2242(2) with respect to the victim's incapacity drastically departs from a longstanding assumption in our case law applying the statute. We have previously considered at least fourteen appeals from defendants convicted of violating § 2242(2)[9]. . . and have always applied the knowledge requirement only to the rapist's awareness of his sexual act until [<u>Rouillard I</u>].") (J. Murphy concurring in part and dissenting in part).   In her dissent, Circuit Judge Murphy specifically addressed <u>Villarreal</u> which had been issued two

---

[9]Circuit Judge Murphy identified the referenced cases.   Those cases were: <u>United States v. Chasing Hawk</u>, No. 12–1193 [546 Fed. Appx. 604] (8th Cir. submitted Oct. 19, 2012); <u>United States v. Villarreal</u>, 707 F.3d 942 (8th Cir. 2013); <u>United States v. Bruguier</u>, 703 F.3d 393 (8th Cir. 2012); <u>United States v. Rouillard</u>, 701 F.3d 861 (8th Cir. 2012); <u>United States v. Demery</u>, 674 F.3d 776 (8th Cir. 2011); <u>United States v. Betone</u>, 636 F.3d 384 (8th Cir. 2011); <u>United States v. Knox</u>, 634 F.3d 461 (8th Cir. 2011); <u>United States v. Hawkman</u>, 363 Fed. Appx. 417 (8th Cir. 2010) (unpublished per curiam); <u>United States v. Papakee</u>, 573 F.3d 569 (8th Cir. 2009); <u>United States v. Wilcox</u>, 487 F.3d 1163 (8th Cir. 2007); <u>United States v. Thundershield</u>, 474 F.3d 503 (8th Cir. 2007). See <u>Bruguier II</u>, 735 F.3d at 781 n.18.

months after <u>Rouillard I</u>.   "The instruction given in <u>Villarreal</u> was consistent with instructions given in numerous cases over the years."   <u>Bruguier II</u>, 735 F.3d at 782-83.   "During the past ten years, the district courts of the Eighth Circuit have conducted thirty two trials in which defendants were charged with violating § 2242(2).   In twenty nine of those trials, the jury instructions put the knowledge requirement on the perpetrator's awareness of the physical sexual act, and not knowledge of the victim's incapacity.   While the issue may not have been joined in all of these cases, it is noteworthy that the courts have applied the natural grammatical reading of § 2242(2)."   <u>Id.</u> at 783.

<u>Bruguier II</u> changed the elements for jury instructions in § 2242(2) cases. Although it was a 6-5 *en banc* decision, <u>Bruguier II</u> became the law of the Circuit to be applied in all criminal cases which were not final at the time of the Eighth Circuit's decision.   <u>Teague</u>, 489 U.S. at 295; <u>Webster</u>, 84 F.3d 1067.   Other cases pending at the time of <u>Bruguier II</u> were reversed and remanded for trials on § 2242(2) charges.   <u>See</u> <u>Chasing Hawk</u>, 546 Fed. Appx. 604; <u>Rouillard II</u>, 704 F.3d 1170; and <u>Fast Horse</u>, 747 F.3d 1040.   The essence of those decisions is summed up in <u>Fast Horse</u>.

> [T]he court's use of jury instructions that misstated the law constituted plain error. . . . Had the jury instructions required the government to prove this element [knowledge of incapacity to consent] beyond a reasonable doubt, presumably both parties would have presented additional evidence and argument on that element . . . . [A]nswering this question requires credibility determinations that are the province of the jury, rather than evidence currently available in the record. . . . [W]here a defendant has been denied his Sixth Amendment right to a jury determination of an important

16

> element of the crime, the integrity of the judicial proceeding is jeopardized. . . . Given our obligation to ensure both Fast Horse's constitutional rights are protected and that justice is administered consistently, we reverse Fast Horse's conviction.

Fast Horse, 747 F.3d at 1043-44 (internal quotation marks and citation omitted).

The court recalls Mr. Villarreal's counsel arguing the evidence at trial showed M.T.L. may have awakened before the sexual encounter occurred. (CR-10-50082, Docket 113 at pp. 25:19-26:10 & 106:11-23).   Defense counsel reasserted this argument in the post-trial brief on the motion for a judgment of acquittal or new trial.   Id., Docket 102 at pp. 10-13.   Had the proper mens rea instruction been given at trial, the court is confident defense counsel would have presented additional evidence or at least presented additional argument focused on that specific element.   How a jury would have sorted out the issue is not a call the court can make.   "Given [the court's] obligation to ensure both [Mr. Villarreal's] constitutional rights are protected and that justice is administered consistently," the court must vacate Mr. Villarreal's conviction on count III. Fast Horse, 747 F.3d at 1044.

There is no need for an evidentiary hearing on Mr. Villarreal's ineffective assistance of counsel claim as recommended by the magistrate judge.   The court adopts the remainder of the report and recommendation as amended by this order.   The court finds the remainder of the report and recommendation is an accurate and thorough recitation of the facts and applicable case law.   The court further finds Judge Duffy's legal analysis on the adopted recommendation

17

portion is well-reasoned.   The report and recommendation is adopted in part as amended by this order and rejected in part consistent with this order.

## ORDER

Having carefully reviewed the record in this case and good cause appearing, it is

ORDERED that the government's objections (Docket 22) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 15) is adopted in part as amended by this order and rejected in part consistent with this order.

IT IS FURTHER ORDERED that the government's motion to dismiss (Docket 11) is denied.

IT IS FURTHER ORDERED that Mr. Villarreal's petition for a writ of habeas corpus (Docket 1) is granted in part and denied in part pursuant to 28 U.S.C. § 2255.

IT IS FURTHER ORDERED that Mr. Villarreal's conviction on count III of the indictment (CR. 10-50082, Docket 1), sexual abuse in violation of 18 U.S.C. §§ 1153, 2242(2) and 2246(2)(C), is vacated.

IT IS FURTHER ORDERED that if the United States seeks a new trial as to count III of the indictment (CR-10-50082, Docket 1), the government must file a notice of intent to prosecute count III within sixty (60) days of this order.   If the government does not file a notice of intent as required by this order, an order dismissing count III with prejudice will issue.

18

IT IS FURTHER ORDERED that the judgment in a criminal case (CR-10-50082, Docket 129) shall be amended consistent with this order.

IT IS FURTHER ORDERED that all other claims asserted in the petition (Docket 1) are denied with prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts, as to the unsuccessful claims asserted in Mr. Villarreal's 2255 Motion the court declines to issue a certificate of appealability.   A certificate may issue "only if the applicant has made a *substantial showing* of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2) (emphasis added).   A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).   In other words, a "substantial showing" is made if a "court could resolve the issues differently, or the issues deserve further proceedings."   Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). As to any grounds asserted in the petition which were not granted Mr. Villarreal has not made a substantial showing of the denial of a constitutional right.

Although the court declines to issue a certificate of appealability, Mr. Villarreal may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22.   See Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts and Fed. R. App. P. 22.

19

IT IS FURTHER ORDERED that the United States Probation Office shall prepare an amended judgment consistent with this order.

IT IS FURTHER ORDERED that the Clerk of Court shall provide a copy of this order to the United States Probation Office.

Dated May 2, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE